IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ARTHUR CARTER, III, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00376 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By:  Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Arthur Carter, III, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 convictions in the Danville City Circuit Court. After reviewing the petition, I conclude that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In Virginia, a non-death row convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. Va. Code §§ 8.01-654, 17.1-411; Va. Sup. Ct. R. 5:9(a). If the petitioner has failed to exhaust state court remedies, the federal court should dismiss the petition. *See Slayton v. Smith*, 404 U.S. 53 (1971).

---

[1] A petition must be dismissed pursuant to Rule 4 if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

In this case, it plainly appears from the petition that Carter has not presented his claims to the Supreme Court of Virginia.[2] Accordingly, I conclude that Carter's petition is unexhausted and, therefore, will dismiss the petition without prejudice.[3]

ENTER: This __23rd__ day of October, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Carter acknowledges in the petition that he has not presented the instant habeas claims to the Supreme Court of Virginia, either via a state habeas corpus petition or an appeal from the Court of Appeals of Virginia.

[3] Carter may refile his federal habeas petition after he has exhausted his state court remedies. Carter is advised, however, that his time to file state and federal habeas petitions is limited. *See* 28 U.S.C. § 2244(d); Va. Code § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).